GEORGE NUCKO, appellant, v. NATIONAL BY-PRODUCTS, INC., appellee.

No. 48212.

(Reported in 56 N.W.2d 907)

FEBRUARY 10, 1953.

REHEARING DENIED JUNE 12, 1953.

Theodore B. Perry, of Albia, and Garfield, Baker & Miller, of Humboldt, for appellant.

Gamble, Read, Howland, Gamble & Riepe, of Des Moines, and Alfred M. Pabst, of Albia, for appellee.

WENNERSTRUM, J.—Plaintiff is the owner and operator of a farm located adjacent to and south and east of Albia, Iowa.

The defendant-corporation owns and operates a rendering plant upon farm property that adjoins that of the plaintiff. A small creek runs through the eighty acres of plaintiff's land that is involved in this action and is referred to in the evidence as the north forty and the south forty. This creek flows from the northwest part of the north forty acres to a point in the southeast corner thereof where it then enters the south forty acres and then follows a course south and east entering the land of the defendant from the west. Several years ago the owner of the land now owned by the defendant-corporation constructed a dam for the purpose of collecting water for use in connection with the operation of the rendering plant it then owned. The prior owner of this plant had owned the south forty acres previously referred to but it was sold to plaintiff after the dam was constructed. At or about this time the plaintiff and the owner of the rendering plant entered into an agreement whereby the plaintiff granted to the corporation then operating the plant an easement to overflow plaintiff's north forty acres for a period of ten years. In the conveyance of the south forty acres the grantor reserved the right to overflow it. Reference to this exception and grant will be hereinafter made. After the end of the ten-year period the defendant, the present owner of the rendering plant, continued to maintain the dam. The defendant-corporation had assumed the payment of the yearly amount due the plaintiff under the easement agreement. Several years following the termination of the ten-year period the plaintiff brought an action for mandatory injunction to enjoin the defendant from maintaining this dam at a height which would materially decrease the flow of water through the creek. He further sought to enjoin the defendant from maintaining the dam in such a manner as to cause the filling up of the creek on plaintiff's land. He also sought damages to the north forty acres in the amount of $1000 covering the period from September 8, 1948, the termination date of the agreement. At the close of the plaintiff's testimony the defendant moved to dismiss the petition and the action then on trial, which motion was sustained at plaintiff's cost. He has appealed.

The defendant-corporation acquired title to the rendering plant and other adjacent land about 1936. This tract of land

lies east of plaintiff's south forty acres and corners with the plaintiff's north forty acres. There is no definite testimony in the record when the dam was erected but it was constructed prior to September 8, 1938, when the easement agreement was entered into which is in part as follows:

"The party of the first part in and for the consideration hereinafter named does hereby agree, consent, sell and convey unto the party of the second part, its heirs and assigns for a period of ten (10) years, an easement and right to overflow the lands of the party of the first part. For the consideration of the easement and rights herein granted the party of the second part does by these presents agree to pay to George Nucko, the party of the first part, at Albia, Iowa, the sum of Fifty Dollars ($50.00) per year, commencing in the year 1938, receipt of said Fifty Dollars ($50.00) being hereby acknowledged by the party of the first part, and continuing for a term of ten (10) years. The said Fifty Dollars ($50.00) payable in 1939 shall be paid on or before the 1st day of July, A. D. 1939 and on or before said date on each year thereafter.

"It is further expressly understood and agreed that the consideration paid for this easement as herein stated is in full consideration for any and all damage done to the party of the first part."

Several witnesses testified relative to the annual damage to a portion of the north forty acres which it is claimed was affected by the restraining of the water by the dam. These witnesses, along with the plaintiff, testified that the condition of the land and the creek was the same or was very little changed at the time of the trial from September 1948. In fact, in plaintiff's brief submitted to this court it is stated: "At the time of the trial in district court the creek and adjacent areas were about in the same condition as they were on September 8, 1948."

The plaintiff contends that because of the dam he should have a decree enjoining the defendant from maintaining an overflow at a height which results in damages from the accumulation of earth and quicksand in the creek bed and ground surrounding the creek in the north forty acres, all of which prevents

him from farming, plowing and pasturing the land. He seeks to compel the defendant-corporation to lower the present dam overflow and asks for damages in the amount of $1000 covering the period from September 8, 1948, until the claimed losses are terminated.

It is the defendant's contention that the testimony relative to damages was not limited to the period for which the relief was asked and that there is no showing of any damage to plaintiff's land other than that for which he was paid during the ten-year period covered by the easement agreement.

It should be kept in mind that the plaintiff obtained title to the south forty acres from the defendant or its predecessors by deed dated May 14, 1946, which excepted to the defendant a perpetual right and easement to overflow the south forty acres. This exception in the deed is as follows:

"There is also excepted from the foregoing description and hereby specifically reserved to the National By-Products, Incorporated, and its successors and assigns, the perpetual right and easement to overflow the following described premises in Monroe County, Iowa: The southeast quarter of the northeast quarters of Section 27, Township 72, North Range 17, West of the 5th P.M., Monroe County, Iowa, all in connection with a dam and pond now located on Sub-division 1 of Lot 2 of·the southwest quarter of the northwest quarter of Section 26, Township 72, North Range 17, West of the 5th P. M., Monroe County, Iowa * * *."

I. It is plaintiff's contention that despite the payment of $50 a year by the defendant and its predecessor in title during the period of the easement agreement there were accrued damages for which plaintiff could recover after the termination of the agreement. It will be noted that in this agreement it is therein provided, "* * * that the consideration paid for this easement * * * is in full consideration for any and all damage done to the party of the first part." Inasmuch as there is no evidence of any additional damages after September 8, 1948, which fact is conceded by the plaintiff, we cannot see how any additional damages can now be recovered under the record. We likewise have concluded that the easement agreement must be

construed to cover damages that accumulated during the ten-year period. In other words, even if the creek bed has filled up and the flow of water is not swift enough to keep the channel clear of accumulated sediment, we do not see how the claimed damage from the resulting overflow can be compensated for when the condition is the same as at the termination of the easement agreement.

We see no necessity of setting forth the law and our cases applicable to matters of drainage and watercourses. They do not seem to be in controversy. The whole issue appears to be relative to the construction that should be placed on the easement agreement. We have concluded that the evidence does not justify any recovery by the plaintiff or the issuance of a mandatory injunction and that the trial court properly sustained the motion to dismiss his cause of action. We therefore affirm.—Affirmed.

BLISS, MULRONEY, HAYS, and THOMPSON, JJ., concur.